# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TENIA GOSHAY, PERSONAL REPRESENTATIVE
OF THE ESTATE OF CORNELIUS FREDERICK,
DECEASED,

        Plaintiff,                                  Case No. 1:21:-cv-00848

v.                                                   Hon. Robert J. Jonker

LAKESIDE FOR CHILDREN d/b/a LAKESIDE
ACADEMY; LAKESIDE ACADEMY; SEQUEL
YOUTH SERVICES OF MICHIGAN, LLC;
SEQUEL TSI HOLDINGS, LLC; SEQUEL YOUTH
AND FAMILY SERVICES, LLC; SEQUEL ACADEMY
HOLDINGS, LLC; SEQUEL YOUTH SERVICES, LLC;
COLE HODGE (DEFENDANT #1); ZACHARY SOLIAS
(DEFENDANT #2); MICHAEL MOSLEY (DEFENDANT #3);
ORLANDO LITTLE, JR. (DEFENDANT #4); COADY RIES
(DEFENDANT #5); MAURICE DAVIS (DEFENDANT #6);
JA'SHON CHEEKS (DEFENDANT #7); BRANDON REYNOLDS
(DEFENDANT #8); HEATHER MCLOGAN (DEFENDANT #9);
and BRADLEY HODGE (DEFENDANT #10)

        Defendants.

| **GEOFFREY N. FIEGER (P30441)** | **TODD A. MCCONAGHY (P55675)** |
|---|---|
| FIEGER, FIEGER, KENNEY & HARRINGTON P.C. | LEE C. PATTON (P26025) |
| *Attorney for Plaintiff* | RONALD S. LEDERMAN (P38199) |
| 19390 West Ten Mile Road | SULLIVAN, WARD, PATTON, GLEESON & FELTY, PC |
| Southfield, MI 48075 | *Attorneys for Defendants Cole Hodge, Orlando Little, Jr., Coady Ries, Maurice Davis, Ja'shon Cheeks, Brandon Reynolds, and Bradley Hodge* |
| (248) 355-5555 | 400 Galleria Officentre, Ste. 500 |
| g.fieger@fiegerlaw.com | Southfield, MI 48034 |
| | (248) 746-0700 – 248-746-2793 (fax) |
| | tmcconaghy@sullivanwardlaw.com |
| | lpatton@sullivanwardlaw.com |
| | rlederman@sullivanwardlaw.com |

| | |
|---|---|
| **JONATHAN R. MARKO (P72450)**<br>MARKO LAW, PLLC<br>*Attorney for Plaintiff*<br>300 Broadway Street<br>Fifth Floor<br>Detroit, MI 48226<br>(313) 777-7529;<br>Fax (313) 771-5785<br>jon@markolaw.com<br><br>**GRETCHEN L. OLSEN (P36619)**<br>TANOURY, NAUTS, MCKINNEY & DWAIHY, PLLC<br>*Attorney for Michael Mosley*<br>38777 Six Mile Road, Suite 101<br>Livonia, MI 48152<br>(313) 964-4500;<br>Fax (734) 469-4298<br>gretchen.olsen@tnmglaw.com | **DANIEL FERRIS (P69633)**<br>Kerr, Russell & Weber, PLC<br>*Attorney for Lakeside for Children d/b/a Lakeside Academy; Lakeside Academy; Sequel Youth Services of Michigan, LLC; Sequel TSI Holdings, LLC; Sequel Youth and Family Services, LLC; Sequel Academy Holdings, LLC; Sequel Youth Services, LLC*<br>500 Woodward Ave., Ste. 2500<br>Detroit, MI 48226-5499<br>(313) 961-0200;<br>Fax (313) 961-0388<br>dferris@kerr-russell.com |
| **STEVEN J. BONASSO (P55529)**<br>CORBET SHAW ESSAD & BONASSO PLLC<br>*Attorney for Zachary Solias*<br>30500 Van Dyke Ave., Suite 500<br>Warren, MI 48093<br>(313) 964-6300;<br>Fax (313) 964-6310<br>steven.bonasso@cseb-law.com | **AMY SCHLOTTERER (P59813)**<br>RUTLEDGE MANION RABAUT TERRY & THOMAS PC<br>*Attorney for Heather McLogan*<br>300 River Place Dr., Ste. 1400<br>Detroit, MI 48207-5095<br>(313) 965-6100;<br>Fax (313) 965-6558<br>aschlott@rmrtt.com |

## **AFFIRMATIVE DEFENSES**

NOW COME Defendants, **COLE HODGE, ORLANDO LITTLE, JR., COADY RIES, MAURICE DAVIS, JA'SHON CHEEKS, BRANDON REYNOLDS, and BRADLEY HODGE**, by and through their Attorneys, SULLIVAN, WARD, PATTON, GLEESON & FELTY, PC, and affirmatively state that

2

upon the trial of this cause and proof by the Plaintiff of the facts set forth in the Complaint, then Defendants will show:

1. That the Court lacks jurisdiction over the Defendants or the property at issue.

2. That the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

3. That this action is barred for the reason that this Court lacks jurisdiction over these Defendants in that Plaintiff has failed to properly serve said Defendants in accordance with the Statutes and Court Rules in effect at the time.

4. That the applicable Statute of Limitations for bringing such actions has elapsed as further discovery will establish, prior to the filing of this lawsuit, and, therefore, Plaintiff's action is barred by the running of the period of limitations applicable thereto.

5. The incident described in the Complaint was caused either totally or partially by the Plaintiff's and/or Plaintiff's Decedent's own negligence and/or fault as discovery will establish, and therefore, any recovery by the Plaintiff must be reduced in total or in part.

6. That the incident described in the Complaint and any alleged damages sustained by Plaintiff were caused either totally or partially by the negligence, comparative negligence, and contributory negligence and/or

willful acts of the Plaintiff and/or Plaintiff's Decedent, as further discovery will establish, and that any recovery by the Plaintiff must be reduced in total or in part.

7. That the incident described in the Complaint and any alleged damages sustained by the Plaintiff were proximately caused either totally or partially by the negligence and/or willful acts of Plaintiff's Decedent, as further discovery will establish, and that any recovery by the Plaintiff must be reduced in total or in part.

8. Defendants state that they were guided by and strictly observed all of their legal duties and obligations imposed by operation of law and otherwise and that all of the actions of their agents or employees were careful, prudent, and lawful.

9. That any services rendered by these Defendants, met or exceeded the standard of care required of the reasonably prudent employee of a children's academy as the same existed under similar circumstances in this or similar communities.

10. That at the time of trial, Defendants will show that any injuries and/or damages incurred by the Plaintiff and/or Plaintiff's Decedent were due to the negligence and/or breach of duty and/or acts or omissions of parties other than these Defendants, as further discovery will establish to such a degree as shall be comparatively determined by the trier of fact.

11. That Plaintiff's claim for punitive damages is not cognizable and must be stricken.

12. That Plaintiff's claim for strict liability is not cognizable and must be stricken.

13. That the claim of Plaintiff for breach of express or implied warranties is hereby barred for the reason that Plaintiff and/or Plaintiff's Decedent failed to rely in any way upon any alleged warranties.

14. That the claims contained herein for breach of expressed or implied contract, or warranty of care, or of specific results, are hereby barred and rendered unenforceable.

15. Plaintiff has failed to state a claim upon which relief may be granted by reason of the fact that the party asserting the claim lacks the legal capacity to sue.

16. That this Court lacks subject matter and/or general jurisdiction and Plaintiff's claims in this forum are statutorily barred.

17. That Defendants herein will rely upon their rights, obligations and defenses as set forth in the contract(s) between and amongst the parties.

18. That the Plaintiff's claims are statutorily barred.

19. That the Defendants herein hereby reserve the right to amend, modify, alter or add to the foregoing Answer at the conclusion of discovery

and further, to move for Summary Disposition or to add Affirmative Defenses, said reservations being made for the reason that the Plaintiff's Complaint presently fails to state a cause of action in that it lacks the necessary specificity and is otherwise inadequate and insufficient.

20. That Plaintiff's claims are barred for the reason that Plaintiff has previously received payment for the damages sought.

21. That Plaintiff's claims are barred for the reason that Plaintiff signed a Release which released the Defendants from liability for any and all damages sought by Plaintiff.

22. That Plaintiff's claims are barred for the reason that the damages sought by Plaintiff were satisfied pursuant to judgment or otherwise.

23. That Plaintiff's claims are barred for the reason that the Plaintiff's actions constituted fraud.

24. That the Plaintiff is estopped from asserting the said claim(s) against these Defendants. That the Plaintiff claim(s) (is/are) barred by want or failure to consideration.

25. That the Plaintiff's claims are barred by want or failure of consideration.

26. That the Defendants herein hereby reserve the right to file a cross-claim against other party Defendant(s) as discovery so warrants.

27. That any and all of the injuries and damages Plaintiff allegedly sustained were not proximately caused by any acts of the Defendants, their agents, servants, and/or employees, but rather were proximately caused in part or total by the Plaintiff's and/or Plaintiff's Decedent's own subsequent intervening negligence.

28. That the Defendants, their agents, servants and/or employees were under no legal duty to foresee and/or prevent criminal activity.

29. That any and all of the injuries and damages Plaintiff and/or Plaintiff's Decedent allegedly sustained were not proximately caused by any acts of the Defendants, their agents, servants and/or employees, but rather were caused in total or in part as a result of the intervening negligence of parties other than these Defendants.

30. That any award made to Plaintiff must be reduced in part or total for Plaintiff's and/or Plaintiff's Decedent's failure to mitigate damages, and furthermore, said award, if any, must be reduced in total or in part as a result of the Plaintiff's and/or Plaintiff's Decedent's own negligence in or negligent mitigation of damages.

31. That the Plaintiff has failed to properly join all claims she has against these Defendants in this action at the time of serving of the pleadings.

32. That at an appropriate time as discovery continues, the Defendants will file a Motion for Summary Judgment based upon Rule 12 and/or 56 of the Federal Rules of Civil Procedure, and the grounds contained therein.

33. Pursuant to the 1986 Tort Reform Act, Plaintiff is barred from seeking any recovery for any hospitalization, medical care, loss of earnings, loss of earning capacity or other economic loss to the extent that Plaintiff has already received benefits from any insurance policy, any health care provider, health maintenance organization, employee benefits, Social Security benefits, workers' compensation benefits or Medicare/Medicaid benefits. These Defendants hereby give notice that a Motion for Summary Disposition will be brought on with respect to these claims.

34. That the limitations period for bringing this action has expired.

35. Defendants hereby give notice that should Plaintiff resolve this claim as to any Codefendant, without admission of any claim or waiver of any defense, Defendants assert that such Codefendant is a potential non-named responsible party whose act, omission or breach of duty is a cause, contributing cause or sole cause of damages claimed by Plaintiff. The addresses of Codefendants are known to Plaintiff. Please refer to Plaintiff's Complaint for the factual basis of the alleged claim.

36. That the Defendant claims the defense of sudden emergency.

37. Any allegations of gross negligence should be stricken and fail to state a claim upon which relief can be granted.

38. That the limitations period for bringing this action has expired.

39. That Defendants reserve the right to file a Notice of Nonparty Fault as discovery may warrant.

40. That Plaintiff's claim for non-economic damages is barred for the reason Plaintiff's and/or Plaintiff's Decedent's percentage or comparative fault is greater than the aggregate fault of Defendants and any potential non-party fault.

41. That Plaintiff's claim for non-economic damages shall be reduced by the percentage of comparative fault by Plaintiff's and/or Plaintiff's Decedent's.

42. That Defendants will rely on all of the applicable provisions of the Tort Reform Act.

43. That Plaintiff is barred from the recovery of all or part of the economic loss claim pursuant to the statutory collateral source provisions.

44. That Plaintiff lacks the legal capacity to sue.

45. Defendants specifically deny any and allegations of negligence regarding the events and occurrences involved in the instant matter.

46. That Defendants reserve the right to add further Affirmative Defenses as may be necessary throughout discovery of this case.

<table>
<tr><td></td><td>Respectfully submitted,<br><br>**SULLIVAN, WARD, PATTON,<br>GLEESON & FELTY, P.C.**<br><br>By: /s/ Todd A. McConaghy<br>TODD A. MCCONAGHY (P55675)<br>LEE C. PATTON (P26025)<br>RONALD S. LEDERMAN (P38199)<br>*Attorneys for Defendants Cole Hodge, Orlando Little, Jr., Coady Ries, Maurice Davis, Ja'shon Cheeks, Brandon Reynolds, and Bradley Hodge*<br>400 Galleria Officentre, Ste. 500<br>Southfield, MI 48034<br>(248) 746-0700<br>tmcconaghy@sullivanwardlaw.com<br>lpatton@sullivanwardlaw.com</td></tr>
<tr><td>Dated: December 2, 2021<br>W2538584.DOCX</td><td>rlederman@sullivanwardlaw.com</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was electronically filed with the Clerk of the Court using the ECF system which will serve a copy of same upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on December 2, 2021, by:

☐ U.S. Mail ☐ Hand Delivered ☐ Other: Email
☐ Fax ☐ Overnight Courier
☐ Fed. Express ☒ Other: Efile

Signature: */s/ Denise Roulo*
Sullivan, Ward, Patton, Gleeson & Felty, P.C.